UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER FEDERAL
BUILDING & U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, N.J. 08608
609-989-2009

**NOT FOR PUBLICATION**

June 26, 2017

**LETTER OPINION**

**VIA CM/ECF**
All counsel of record

Re: *Chris Ann Jaye v. Oak Knoll Village Condominium Owners Association, Inc., et al.*
Civil Action No. 15-8324 (MAS) (DEA)

Dear Ms. Jaye and Counsel:

This matter comes before the Court on Plaintiff Chris Anne Jaye's ("Plaintiff") Motion for Reconsideration[1] (ECF No. 312), Motions to Vacate (ECF Nos. 329, 347), and Motion for Sanctions (ECF No. 330). Various Defendants have filed opposition to Plaintiff's Motions and Plaintiff filed replies.[2] The Court has reviewed the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. After careful consideration of the submissions, Plaintiff's Motions are DENIED.

First, with respect to Plaintiff's Motion for Reconsideration, Local Civil Rule 7.1(i) requires motions for reconsideration to be "served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge." Here, Plaintiff seeks reconsideration of five orders. (ECF Nos. 84, 221, 261, 266, 306.) These orders were filed on February 24, 2016, June 10, 2016, October 24, 2016, October 31, 2016, and November 30, 2016. Plaintiff filed her Motion for Reconsideration on December 20, 2016. (ECF No. 312.) Accordingly, the deadline to file the Motion for Reconsideration has expired and Plaintiff's Motion is DENIED.

Similarly, Plaintiff's two Motions to Vacate are merely requests for the Court's reconsideration of prior decisions. (ECF Nos. 329, 347.) Plaintiff's Motions to Vacate were filed on January 12, 2017 and May 19, 2017, and seek the Court's reconsideration with respect to orders filed on or before November 30, 2016. Accordingly, Plaintiff's Motions to Vacate were filed after the expiration of the fourteen day time period set forth in Local Civil Rule 7.1(i) and are, therefore, DENIED.

---

[1] The Court denies Plaintiff's request for oral argument. (ECF No. 327.)

[2] In light of the numerous Defendants in this case, and for the purpose of expediency, the Court does not specifically identify the particular submissions filed by each Defendant or the numerous reply submissions filed by Plaintiff.

Finally, Plaintiff filed a Motion for Sanctions "per ECF 136 and ECF 274." (ECF No. 330.) Filing number 136 refers to Defendant Brown Moskowitz & Kallen, P.C. and Steven R. Rowland's (collectively, the "BMK Defendants") prior motion to dismiss, and filing number 274 refers to the BMK Defendants' opposition to Plaintiff's prior motion for reconsideration. Plaintiff argues that the BMK Defendants made false assertions in these documents, and have continued to make the same representations. Plaintiff previously filed a motion for sanctions based on these allegations, which was found meritless by the Honorable Douglas E. Arpert, U.S.M.J. (ECF No. 261.) Further, Judge Arpert provided Plaintiff an opportunity to file opposition to the BMK Defendants' motion to dismiss where Plaintiff could directly challenge the merits of the BMK Defendants' motion. (*Id.*) Plaintiff, however, failed to file timely opposition. To the extent Plaintiff seeks reconsideration of the Court's adjudication of the BMK Defendants' motion to dismiss, Plaintiff's motion is untimely pursuant to Local Civil Rule 7.1(i).

For the foregoing reasons, Plaintiff's Motion for Reconsideration (ECF No. 312), Motions to Vacate (ECF Nos. 329, 347), and Motion for Sanctions (ECF No. 330) are DENIED.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE